**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernie Shoop, *et al.*, | No. CV-13-0096-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

In both the case management conference on May 1, 2013, and the joint case management report, Plaintiffs' counsel asked that defense counsel be precluded from all *ex parte* communications with the physicians currently treating Plaintiff Vernie Shoop. The Court took the matter under advisement. For the reasons that follow, the Court concludes that defense counsel is not barred from engaging in *ex parte* communications with Plaintiff Vernie Shoop's treating physicians who are employed by Defendant United States.

A hospital has a right to information gathered by employees acting in the scope of their employment. *Phoenix Children's Hosp., Inc. v. Grant*, 265 P.3d 417 (Ariz. Ct. App. 2011). In *Grant*, the plaintiffs alleged negligence against a nurse, but continued receiving medical treatment from other employees of the same hospital. *Id.* The court allowed defense counsel access to the current treating practitioners, concluding that "a hospital's right to discuss a plaintiff/patient with its own employees exists because the employment relationship exists…. We see no reason why the filing of a lawsuit expands the physician-patient privilege to bar communications that are otherwise allowed." *Id.* at

421. While *Grant* concerned a private employer, the fundamental principle remains. The physicians in this case act as agents for their employer, the United States, and information acquired in the scope of their employment is imputed to the United States under Arizona law and may be accessed by the United States and its counsel during litigation. *Id.* As *Grant* makes clear, however, the information accessed through *ex parte* communications must be relevant to the defense of this case. *Id.* at 422.

Plaintiffs' counsel has cited *Bain v. Superior Court,* 714 P.2d 824 (Ariz. 1986), in support of the argument that *ex parte* communications should be banned. In *Bain*, defendants attempted to access records related to previous marital counseling while litigating a claim related to back surgery, and the court's denial of their attempt pertained mostly to the irrelevancy of the counseling records. Unlike *Bain*, no one in this case argues that the information to be provided by the treating physicians is irrelevant. In fact, the diagnosis given by the current treating doctors, and information they may have about damages, are highly relevant. Thus, *Bain*'s decision to limit the subject matter of communication with treating practitioners is easily distinguishable on the facts and is not persuasive here.[1]

Dated this 6th day of June, 2013.

_____
David G. Campbell
United States District Judge

---

[1] The Court bases this decision on Arizona law because both parties have cited Arizona cases in support of their arguments.